IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| ARTHUR EARL THOMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CV97-H-1454-NE |
| ) | |
| ) | |
| SHERIFF CRABBE, et al, ) | |
| ) | |
| Defendants. ) | |

FILED
01 APR 20 PM 12:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
APR 2 0 2001

## MEMORANDUM OF DECISION

The court has considered the entire file in this action, including the Magistrate Judge's Report and Recommendation and the objections to the report and recommendation filed by defendants Tommy Scott, Dora Key, Sam Frost, Darrell Johnson, and Veronica Johnson. In their objections, the defendants argue that the magistrate judge erred in recommending that summary judgment be denied as to the plaintiff's claims that he was left in a contaminated cell for several months; that defendants Scott and Frost sprayed him with a high-powered water hose for several hours; that he was sprayed in the face with a chemical agent without provocation, repeatedly beaten and kicked, and that he was then denied him medical treatment for his injuries.

The defendants object to the report and recommendation on the ground that the "plaintiff failed to provide evidence in

opposition to the motions for summary judgment of said defendants which would have created an issue of fact with regard to said claims." Rule 56(e) of the Federal Rules of Civil Procedure provides that "when a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the . . . party's pleading." But Thompson did not rest upon "mere allegations or denials" in his complaint. By declaring under penalty of perjury that the complaint was true, and by signing it, Thompson converted the complaint into an affidavit. The fact that it was not called an "affidavit" does not matter. *See Ford v. Wilson*, 90 F.3d 245, 247 (7th Cir. 1996), *cert. denied*, 117 S. Ct. 1110, (1997). *See also, Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)("A verified complaint is to be treated as an affidavit for summary judgment purposes, and therefore will be considered in determining whether material issues of fact exist, provided that it meets the other requirements for an affidavit under Rule 56(e)."); *Schroeder v. McDonald*, 55 F.3d 454, 460 (9th Cir. 1995)(A verified complaint may be used as an opposing affidavit under Rule 56 if it is based on personal knowledge and sets forth specific facts admissible in evidence); *King v. Dogan*, 31 F.3d 344 (5th Cir. 1994)( plaintiff's verified complaint can be considered as summary judgment evidence to the extent it comports

with the requirements of summary judgment as stated in the rule). Thus, the factual allegations of Thompson's sworn complaint were properly considered.

The defendants next argue that Thompson's claim that he was sprayed with a high-powered water hose for several hours is barred by the Prison Litigation Reform Act (PLRA). In support of this argument, the defendant cites *Harris v. Garner*, 216 F.3d 970 (11th Cir. 2000), for the proposition that the PLRA bars a prisoner from bringing a suit for mental or emotional injury suffered while in custody without a prior showing of physical injury. The defendant argues that the complaint should be dismissed because there is no evidence that the plaintiff was physically injured as a result of this incident. The plaintiff has specifically requested "compensatory and punitive damages for [his] pain and suffering, emotional stress and mental anguish." It is clear from the amended complaint that the plaintiff contends that he was subjected to physical as well as mental and emotional pain.

The defendants also argue that the plaintiff's claim that he was left in a contaminated cell for several months is barred by the PLRA because Thompson did not claim to have suffered any physical injury as a result. This is a conditions of confinement claim and, as such, injury is not required. Rather, the relevant

inquiry is whether the conditions in which Thompson was jailed resulted in "unquestioned and serious deprivation of basic human needs."

The defendants' final objection is that the magistrate judge erred in failing to recommend that the defendants be granted summary judgment on all of the plaintiff's claims on the basis of qualified immunity. The defendants argue that "[t]here is no case law establishing a 'bright line' derived from previous cases on 'materially similar' facts which show that the claims alleged in the complaint are such that would deprive the defendants of qualified immunity."

Government officials exercising a discretionary function are entitled to qualified immunity from damages unless their acts or decisions contravene clearly established constitutional or statutory rights of which a reasonable official should have knowledge. *See Mitchell v. Forsyth*, 472 U.S. 511 (1985); *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). The "contours of the rights must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 636, 641 (1987). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). As the Eleventh Circuit has explained, "[f]or qualified immunity

4

to be surrendered, pre-existing law must dictate, that is truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates the law *in the circumstances*." *Lassiter v. Alabama A & M Univ.*, 28 F.3d 1146, 1150 (11th Cir. 1994) (en banc) (emphasis in original), *quoted in McCoy v. Webster*, 47 F.3d 404, 407 (11th Cir. 1995). Once a defendant establishes that the act or decision complained of was within his discretionary function, the burden of proof shifts to the plaintiff to demonstrate that defendant violated clearly established constitutional law. *See Sammons v. Taylor*, 967 F.2d 1533 (11th Cir. 1992) (citing *Zeigler v. Jackson*, 716 F.2d 847 (11th Cir. 1983)); *McCoy v. Webster*, 47 F.3d at 407.

As noted in the magistrate judge's report and recommendation, it is well-established that it is a violation of the constitution to subject an inmate to the unquestioned and serious deprivation of basic human needs and it is a violation of the constitution to subject an inmate to excessive force and to deny medical care for injuries sustained thereby. The facts are in dispute as to whether such violations took place. Thus, the defendants are not entitled to qualified immunity on these claims.

The court has reached an independent conclusion that the Magistrate Judge's Report and Recommendation is due to be adopted and approved. The court hereby adopts and approves the findings and recommendation of the Magistrate Judge as the findings and conclusions of the court. In accord with the recommendation, and the further statements by the court, the motions for summary judgment filed by defendants Key, Scott, Frost, Darrell Johnson, and Veronica Johnson are due to be denied and all of the plaintiff's claims as to these defendants should proceed, except summary judgment is due to be granted as to the claim against Vernonia Johnson pertaining to the 1996 tear gas incident. Also, the motion for summary judgment filed by defendants Dr. Khouri, Crabbe, Slick, Hampton, Morgan County, and the Morgan County Commissioners is due to be granted and the claims against these defendants dismissed. An appropriate order will be entered.

DONE this 20th day of April, 2001.

_____
SENIOR UNITED STATES DISTRICT JUDGE